IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DRAKE JORDAN FINCH,                  §
                                     §
        Petitioner,                  §
                                     §
v.                                   §        2:18-CV-35-Z-BR
                                     §
LORIE DAVIS, Director,               §
Texas Department of Criminal Justice,§
Correctional Institutions Division,  §
                                     §
        Respondent.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Drake Jordan Finch ("Petitioner") filed an Amended Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 222nd District Court of Deaf Smith County, Texas, for the first-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury to a household member and the resultant forty-year sentence. For the reasons set forth below, the undersigned United States Magistrate Judge recommends that Petitioner's application for federal habeas corpus relief under Section 2254 of Title 28 of the United States Code be DENIED.

## I.        PROCEDURAL HISTORY

On May 28, 2014, Petitioner was charged by Indictment in Deaf Smith County, Texas with the first-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury to a household member in violation of Section 22.02(b)(1) of the Texas Penal Code. (ECF 17-7 at 6–7). Specifically, the Indictment alleged that on or around March 22, 2014, Petitioner:

> . . . did then and there intentionally, knowingly, and recklessly cause serious bodily injury to Ruth Simms by striking her or by causing her head to strike an object or

by shaking her, and [Petitioner] did then and there use or exhibit a deadly weapon, to-wit: his hand or an unknown object, during the commission of said assault, and the said Ruth Simms was a member of [Petitioner's] household, as described by Section 71.005 of the Texas Family Code.

(*Id.* at 6). Prior to trial, Petitioner filed an Election as to Punishment, electing for the jury to assess punishment in the event of conviction, and an Application for Community Supervision from the Jury, requesting he be granted community supervision if convicted. (ECF 17-8 at 1–4).

Petitioner, represented by appointed counsel, was tried before a jury in the 222nd District Court of Deaf Smith County for the indicted offense. (*Id.* at 20; ECF 17-9 at 7). On February 26, 2015, the jury found Petitioner guilty of the aggravated assault offense as alleged in the Indictment and subsequently sentenced him to confinement in the Texas Department of Criminal Justice— Institutional Division for a term of forty years. (ECF 17-8 at 33; ECF 17-9 at 1, 6–8). The trial court entered judgment on March 1, 2014. (ECF 17-9 at 7–8).

Petitioner, represented by new appointed counsel, filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. (ECF 17-9 at 11, 14; ECF 20-2 at 1–5). Petitioner raised two issues on appeal: (1) that the Indictment mischaracterized the offense, which resulted in an illegal sentence; and (2) the trial court's charge on punishment contained error because it improperly authorized punishment for a first-degree aggravated assault. (ECF 17-2 at 2–9). On April 7, 2017, the Seventh Court of Appeals affirmed the judgment of the trial court.[1] (ECF 17-1 at 1; ECF 17-2 at 9); *see Finch v. State*, No. 07-15-00104-CR, 2017 WL 1316273, at *4 (Tex. App.—Amarillo Apr. 7, 2017, pet. ref'd) (mem. op., not designated for publication).

---

[1] The Seventh Court of Appeals withdrew its opinion and judgment dated March 8, 2017 and substituted the cited opinion and judgment in its place. *See Finch v. State*, No. 07-15-00104-CR, 2017 WL 931709 (Tex. App.—Amarillo Mar. 8, 2017), *opinion withdrawn and superseded on reh'g*, No. 07-15-00104-CR, 2017 WL 1316273 (Tex. App.—Amarillo Apr. 7, 2017).

Petitioner submitted a Petition for Discretionary Review of the Seventh Court of Appeals' judgment to the Texas Court of Criminal Appeals ("TCCA") on June 1, 2017. (ECF 17-4 at 1; *see* ECF 17-3; ECF 17-5). Petitioner raised two grounds for review in his petition: (1) whether a forty-year sentence is legal when a jury returns a verdict of aggravated assault via use *or* exhibition of a deadly weapon and no enhancements are alleged; and (2) whether a guilt-phase charge is erroneous if it does not separately instruct the jury on use of a deadly weapon versus exhibition of a deadly weapon, but the indictment alleges aggravated assault via use *or* exhibition of a deadly weapon. (ECF 17-4 at 7). The TCCA refused Petitioner's Petition for Discretionary Review on August 23, 2017. (ECF 17-6 at 1); *Finch v. State*, No. PD-457-17 (Tex. Crim. App. 2017). Petitioner did not seek review of that decision by filing a petition for writ of certiorari with the United States Supreme Court.

On December 1, 2017, Petitioner filed a *pro se* application for state writ of habeas corpus challenging his conviction. (ECF 17-18 at 2–25). By his state habeas application, Petitioner alleged (1) there was insufficient probable cause for Petitioner's arrest; (2) Petitioner's due course of law rights were violated when investigators failed to acquire fingerprint evidence; (3) the evidence was insufficient to prove the victim suffered serious bodily injury; and (4) the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. (*Id.* at 7–13). On December 14, 2017, the trial court entered Findings of Fact and Conclusions of Law. (ECF 17-18 at 29–31). The TCCA denied Petitioner's state habeas application without written order, on the findings of the trial court and without a hearing, on January 24, 2018. (ECF 17-17 at 1); *see In re Finch*, No. WR-87,834-01.

Petitioner filed his original federal habeas petition on January 2, 2018 and an amended

petition on April 12, 2018.[2] (ECF 3; ECF 14). Respondent filed an answer on April 19, 2018, arguing that two of Petitioner's claims are unexhausted and procedurally barred and should be dismissed, and that the remainder of his claims should be denied because Petitioner fails to establish that the state court's rejection of his claims was objectively unreasonable. (ECF 15 at 1–22). The Court granted Petitioner's Motion to Supplement, allowing Petitioner to late file a reply to Respondent's answer (ECF 24) and a memorandum of law (ECF 23). (*See* ECF 21; ECF 22). The Court provided Respondent with an opportunity to respond to Petitioner's memorandum of law, but Respondent failed to file a supplemental answer or sur-reply to Petitioner's filed pleadings. (*See* ECF 25).

## II.    PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.    The evidence was insufficient to prove the victim suffered serious bodily injury (Grounds Five and Seven);

2.    The evidence was insufficient to support a finding of guilt beyond a reasonable doubt (Grounds Eight, Nine, and Ten);

3.    Petitioner's due course of law rights under the Texas Constitution were violated when investigators failed to collect fingerprint evidence (Ground Three);

4.    Petitioner was denied due process when investigators failed to collect fingerprint evidence (Ground Four);

5.    There was insufficient probable cause for Petitioner's arrest (Grounds One and Two);

6.    The State maliciously prosecuted Petitioner (Ground Six).

(ECF 14 at 4–7, 10–11).

---

[2] *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998)) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

### III.    <u>STANDARD OF REVIEW</u>

Section 2254 of Title 28 of the United States Code authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless a petitioner shows that the prior adjudication:

> 1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

The Supreme Court has concluded the "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the "contrary to" clause, a federal habeas court may grant relief if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Brown*, 544 U.S. at 141; *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) ("A state court's decision is 'contrary to' our clearly established law if it 'applies a rule that contradicts the governing law set forth in our cases' or it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"). A state court's failure to cite Supreme Court authority does not, per se, establish the state court's decision is "contrary to" clearly established federal law: "the state court need not

5

even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decisions contradicts them.'" *Mitchell*, 540 U.S. at 16.

Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Brown*, 544 U.S. at 141; *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *McDaniel v. Brown*, 558 U.S. 120, 132–33 (2010) ("A federal habeas court can only set aside a state-court decision as 'an unreasonable application of . . . clearly established Federal law,' § 2254(d)(1), if the state court's application of that law is 'objectively unreasonable.'"); *Wiggins*, 539 U.S. at 520–21. The focus of this inquiry is on whether the state court's application of clearly established federal law was objectively unreasonable—an "unreasonable" application is different from a merely "incorrect" one. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."); *Wiggins*, 539 U.S. at 520; *Price v. Vincent*, 538 U.S. 634, 641 (2003) ("[I]t is the habeas applicant's burden to show that the state court applied that case to the facts of his case in an objectively unreasonable manner"). "Under the Antiterrorism and Effective Death Penalty Act, a state prisoner seeking a writ of habeas corpus from a federal court 'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter,* 562 U.S. 86, 101 (2011)).

This Court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review). A "paper hearing" is sufficient to afford a full and fair hearing on factual issues, especially where the trial court and state habeas court were the same. *Hill v. Johnson,* 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Furthermore, a denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the federal statutes' standard of deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett,* 239 F.3d 683, 686 (5th Cir. 2001) (explaining that in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive"). The Supreme Court has reconfirmed that Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Even if "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court

to deny relief." *Id*. at 98.

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). This standard is difficult to meet, and the Supreme Court has affirmed that "it was meant to be" so. *Id*. at 102.

Finally, the Supreme Court has also held that review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Perhaps more compelling, the Supreme Court made clear that Section 2254(e)(2)—the statutory mechanism through which Congress limited a petitioner's ability to obtain a federal evidentiary hearing (and to expand the federal habeas record)—has no application when a federal court reviews claims pursuant to Section 2254(d), whether or not a petitioner might meet the technical requirements of section 2254(e)(2). *See id.* at 183–86 (showing that the Supreme Court explicitly rejected the proposition that Section 2254(d)(1) has no application when a federal court admits new evidence under Section 2254(e)(2)); *see also id.* at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record . . . [violated § 2254(d)(1),] our analysis is at an end. We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.") (internal citation omitted). The Supreme Court reasoned:

> Today, we . . . hold that evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Id*. at 185. Therefore, this Court must review the reasonableness of the state court determinations under Section 2254(d), with reference only to the record actually before the state court.

## IV.    MERITS

As noted above, Petitioner's Amended Petition contains ten grounds. (ECF 14 at 4–7). Because some of these grounds are identical in substance, Respondent and the undersigned have addressed Petitioner's arguments in the following six combined grounds. [3] (*See id.*; ECF 15 at 2).

### A. Insufficient Evidence to Prove the Victim Suffered Serious Bodily Injury (Grounds Five and Seven)

Petitioner claims in both Ground Five and Ground Seven that the evidence was insufficient to prove that the victim suffered a serious bodily injury, an element of the first-degree aggravated assault offense of which he was convicted. (ECF 14 at 4–5); Tex. Penal Code § 22.02(b)(1) ("An offense under this section is a . . . felony of the first degree if . . . the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person" described by Sections 71.0021(b), 71.003, or 71.005 of the Texas Family Code, which includes a spouse.).

A criminal defendant has a federal due process right to be convicted only upon evidence that is sufficient to prove beyond a reasonable doubt the existence of every element of the offense. *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992). Federal courts, nevertheless, have extremely limited habeas review of claims based on the sufficiency of the evidence. *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998). As with an ineffective assistance of counsel claim, a sufficiency of the evidence challenge to a state conviction must overcome a doubly deferential standard of review. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). When reviewing such claims, the relevant

---

[3] The undersigned notes that some of the arguments raised by Petitioner in these ten grounds are difficult to discern. Although the undersigned has made a diligent effort to address all arguments raised by Petitioner, the undersigned finds that this extraneous language constitutes conclusory assertions that do not furnish a basis for federal habeas corpus relief—and not additional claims that must be addressed by the Court. *See Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (noting that federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition" and that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.") (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived).

question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The review remains the same whether the evidence is direct or circumstantial. *United States v. Richardson*, 848 F.2d 509, 511 (5th Cir. 1998). And, where a state appellate court has conducted a thoughtful review of the evidence, its determination is entitled to great deference and may not be overturned on federal habeas review unless the decision was objectively unreasonable. *Cavazos v. Smith*, 565 U.S. 1, 3-4 (2011).

Petitioner recites almost identical arguments in support of each sufficiency of the evidence ground. (ECF 14 at 4–6). Specifically, Petitioner contends that his wife, the victim in this case, had an accident one week prior to the offense date from "getting out of the shower and hitting her right temporal lobe on the edge of the toilet." (*Id.* at 4). Petitioner alleged that she suffered "a subdural hemorrhage (brain bleed)" as a result. (*Id.*). Petitioner further asserts:

> When she was attacked and immediately sent to the hospital, CAT scans showed a subdural hematoma (blood clot), not a subdural hemorrhage. Clotting tests (PT, PTT, and APPT) are abnormally high when someone has incurred a subdural hemorrhage. The victim was seen by 2 different hospitals, about a[n] hour apart. The 2 different clotting tests will show a lower, reducing clotting factor from the 1st visit to the 2nd, simply because she incurred the subdural hemorrhage a week before and was in the healing phase, not the immediate injury phase. She was taken to the hospital about 10 minutes after she was attacked. Symptomation [sic] of subdural hemorrhages occur when 40 or more milliliters of blood is escaped between the dura and the brain, which initially is a lose [sic] of consciousness. The state's expert witness testified at trial that normally either a hole is drilled, or the skull cap is removed to allow the blood to escape and the brain to swell. The victim never lost consciousness, nor went through ANY surgical treatment at either hospital. An evidentiary hearing with an expert witness[']s review of the CAT scans and PT, PTT, and APPT tests will show there was a subdural hematoma, not a subdural hemorrhage, and that the injury the state is referring to was old. The victim says she was hit on the left side of her face, yet the CAT scans will show a right temporal lobe subdural hematoma, not on the left side. Bruising naturally occurs at the impact site because the amount of force used, there were no bruising on her right posterior skull side, cooborating [sic] the fact that the injury was many, many, many days old.

(*Id.*). Respondent contends that these grounds have been procedurally defaulted because Petitioner did not raise these claims on direct appeal. (ECF 15 at 20). Respondent contends that because Finch did not challenge the sufficiency of the evidence in his appeal to the Seventh Court of Appeals, and the TCCA denied Petitioner's writ on this claim, this claim is procedurally defaulted. (*Id.* at 21). Accordingly, Respondent asserts that Petitioner is not entitled to federal habeas corpus review on this ground and that these allegations must be dismissed. (*Id.* at 21–22).

The trial court's Findings of Fact and Conclusions of Law, on which the state habeas court relied, concluded that "[a] challenge to the sufficiency of the evidence is not cognizable in a [state] habeas petition." (ECF 17-18 at 31). Respondent is correct in stating that Petitioner did not raise this issue on direct appeal, as was noted by the Seventh Court of Appeals in its opinion affirming the judgment of the trial court. (*See* ECF 17-2 at 2–9; ECF 15 at 20). And, where a habeas petitioner first "challenges the sufficiency of the evidence in a state habeas application, and [the TCCA] subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." *Vaughn v. Stephens*, No. 4:14-cv-218-Y, 2015 WL 3504941, at *2 (citing *Yist v. Nunnemaker*, 501 U.S. 797, 801–07 (1991)); *see also Bessire v. Quarterman*, No. 4:07-cv-597-Y, 2009 WL 54257, at *2 (N.D. Tex. Jan. 8, 2009) ("Under Texas law, while an allegation of 'no' evidence is cognizable in a state habeas proceeding, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding.") (citing *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grisby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994)).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law[] or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."
*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A miscarriage in this context requires a showing
that Petitioner is actually innocent of the offense of which he was convicted.  *Sawyer v. Whitley*,
505 U.S. 333, 339-40 (1992); *Smith v. Dixon*, 14 F.3d 956, 974 (5th Cir. 1994). Petitioner addresses
cause for the default and actual prejudice in his Amended Petition:

> This error contributed to the conviction and punishment, causation for the
> procedural exhaustion of this claim is defendant's viewing of his direct appeal
> opinion referring to the injury as a "subdural hematoma" and not a "subdural
> hemorrhage." It took me a couple of months to remember and recall that one night,
> around a week before the date, I found my wife unconscious on the floor in a small
> pool of blood late one night when I awoke to use the restroom. She apparently
> attempted to take a shower heavily intoxicated, and did, just slipped on her way
> out. I feel that with the extenuating effects time has on memory and the fact that no
> one EVER revealed the truth of the situation, I could not have been put on notice
> to the truth of the circumstances BEFORE the direct appeal process.

(ECF 14 at 5). Petitioner also appears to assert in his Memorandum of Law that failing to recall

the victim's alleged fall one week prior to the date of the assault until months after the Seventh

Court of Appeals issued its opinion constitutes an "intellectual disability." (ECF 23 at 6). Petitioner

further states in his Memorandum of Law that the:

> . . . facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for 5th U.S. Const. error (doctors and D.A. lied about
> extent of the injuries) and 14th (of no opportune [sic] to me) no reasonable factfinder
> would have found the applicant guilty of the underlying offense. The factual
> predicate could not have been discovered through exersizion [sic] of due diligence
> ("subdural hematoma" was only used in COA changed opinion) the state and trial
> court reporter falsified the record to void the utilization of the 28 USC
> 2254(e)(2)(A)(ii) provision (currently litigating).

(ECF 23 at 6). And as to whether a failure to consider the claims would result in a fundamental

miscarriage of justice, Petitioner contends:

> Prejudice: without serious bodily injury being made, and no description or
> knowledge of the weapon used, along with no available enhancements, the charge
> is a Class A misdemeanor publishable up to a year confinement, it's been 3 years .
> . . . Prejudice from not considering this claim would be a wrongful imprisonment

and conviction of any thing [sic] above one year[']s confinement, and a Class A misdemeanor offense. A miscarriage of justice would also manifest from the preclusion of this claim because it would allow an egregiously illegal enhancement of the charge and sentence.

(ECF 14 at 4–5).

Evidence does not qualify as "new" under the *Schlup* actual-innocence standard if "it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008); *see Schlup v. Delo*, 513 U.S. 298 (1995). The standard for applying a later discovery date under Section 2244(1)(D) is when Petitioner could have, through the exercise of due diligence, discovered the facts on which his claims are based— not when he actually became aware of the facts. *See In re Young*, 789 F.3d 518, 528 (5th Cir. 2015).

Here, Petitioner did not recall his wife's previous fall until after the exhaustion period; however, the fall was "always within the reach" of his personal knowledge or reasonable investigation and was discoverable prior to his trial date. *See Moore*, 534 F.3d at 465. By this argument, Petitioner is challenging the extent of the injury suffered by his wife—not the act of the assault. Based on the twice deferential standard of federal courts in sufficiency claims, Petitioner has only identified a possible other explanation for the source of his wife's injury, but has not established that a rational juror could not have convicted Petitioner on the evidence presented at trial (concerning a subdural hematoma and the testimony of the assault). *See Parker*, 567 U.S. at 43.

Petitioner has not demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law. *See Coleman*, 501 U.S. at 750. Petitioner likewise has not shown his actual innocence. *See id.*; *Sawyer*, 505 U.S. at 339-40.

Therefore, the Court should deny Grounds Five and Seven as procedurally barred.

13

**B. Insufficient Evidence to Support a Finding of Guilt Beyond a Reasonable Doubt (Grounds Eight, Nine, and Ten)**

In his eighth, ninth, and tenth grounds, Petitioner alleges that there was insufficient evidence for the jury to have found him guilty beyond a reasonable doubt of the first-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury to a household member. (ECF 14 at 6–7). Petitioner asserts:

> A review of the record will show that there is not enough independent evidence available for the jury to lawfully return a verdict of guilty, beyond a reasonable doubt burden of proof trial. I ask not for you to review the sufficiency of the evidence, but to ascertain whether there is enough, separable, independent factions of evidence available for the jury to give more or less weight to, to find guilt beyond a reasonable doubt.

(ECF 14 at 6–7). Petitioner also complaints under Ground Eight and Ground Nine that "[t]he unlawfulness complained of entails a 4th, 5th, and 14th U.S. Const. amend. violation." (*Id.* at 6).

Respondent presents the same response to these three grounds—which challenge the sufficiency of the evidence as to the aggravated assault offense—as she did to Petitioner's two grounds discussed above—which challenge the sufficiency of the evidence needed to prove that the victim suffered a serious bodily injury. (ECF 15 at 20). Again, Respondent contends that these grounds have been procedurally defaulted because Petitioner failed to challenge the sufficiency of the evidence in his appeal to the Seventh Court of Appeals, and the TCCA denied Petitioner's writ on this claim. (*Id.* at 20). As such, Respondent asserts that Petitioner is not entitled to federal habeas corpus review on Grounds Eight, Nine, or Ten, and these allegations must be dismissed. (*Id.* at 21–22).

As a preliminary matter, the Court notes that Petitioner "ask[s] not for [the Court] to review the sufficiency of the evidence," but instead to review the evidence and determine whether a jury could find him guilty beyond a reasonable doubt. (ECF 14 at 6–7). Although Petitioner appears to

14

request that the Court not view Grounds Eight, Nine, or Ten as sufficiency of the evidence claims, the Court must do so because his challenge amounts to a sufficiency challenge.

As explained above, the trial court's Findings of Fact and Conclusions of Law concluded that "[a] challenge to the sufficiency of the evidence is not cognizable in a [state] habeas petition." (ECF 17-18 at 31). Petitioner did not raise any sufficiency of the evidence issues on direct appeal, and Petitioner first challenged the sufficiency of the evidence in his state habeas application. (*See* ECF 17-2 at 2–9; ECF 15 at 20). The TCCA denied Petitioner's state habeas application without written order, on the findings of the trial court and without a hearing, which constitutes a denial of Petitioner's sufficiency claim because the claim is not cognizable. (ECF 17-17); *see Vaughn*, 2015 WL 3504941, at *2 (citing *Yist*, 501 U.S. at 801–07). As such, Petitioner's claims that there was insufficient evidence for the jury to have found him guilty beyond a reasonable doubt of the first-degree felony aggravated assault offense alleged in the Indictment are procedurally barred, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Regarding the cause for the default, actual prejudice as a result of the alleged violation of federal law, and whether this Court's failure to consider the claims would result in a fundamental miscarriage of justice, Petitioner states:

> Causation for the procedural exhaustion deficiency is from my appeal attorney being told to challenge (1) probable cause to arrest and (2) sufficiency of the evidence, when he visited me in county jail. He said "that's what I'll do, I'll have two strong grounds", and it wasn't until my P.D.R was refused on Aug. 27, 2017, I seen that my appeal attorney did <u>not</u> do as I said, inter alia. The opinions were issued on March 8 and August 7, 2017, but even if I would have seen them then, I still would have been precluded from exhausting the claim as you cannot raise new grounds on a P.D.R. The prejudice of the causation is a preclusion of relief and consideration of the claim, lending to a wrongful imprisonment and unlawful conviction, detainment, arraignment, indictment, etc. of the defendant. It would be

> a manifest miscarriage of justice to allow the procedural exhaustion bar to preclude relief and consideration of this claim, as it would result in an . . . imprisonment of the defendant, for an insufficient conviction.

(ECF 14 at 6; *see* ECF 23 at 7). Petitioner also states in his Memo. of Law:

> The actual prejudice resulting is any determination that the habeas court didn't have jurisdiction to entertain the claim, the claim not being ruled on by the COA, my interests not zealously pursued according to the U.S. 6th Const. Amend. having to endure 1 year and 3 months before the claim could unarguably and affirmatively ruled on the merits.

(ECF 23 at 7). Although Petitioner contends that his appellate attorney was ineffective for failing to raise a sufficiency of the evidence claim, that argument is being raised for the first time in the instant petition. Petitioner failed to raise an ineffective assistance of counsel claim in his application for state writ of habeas corpus. (*See* ECF 17-18 at 2–25). As such, that argument is procedurally defaulted and cannot help Petitioner meet his burden to demonstrate cause for the default of Petitioner's sufficiency of the evidence claims. *See Coleman*, 501 U.S. at 750. Petitioner has also failed to show his actual innocence. *See id.*

Therefore, the Court should deny Grounds Eight, Nine, and Ten as procedurally barred.

### C. Violation of Petitioner's Due Course of Law Rights—Failure to Collect Fingerprint Evidence (Ground Three)

Petitioner's third ground for relief is that his "due course of law rights were violated when police investigators failed to acquire finger-print [sic] evidence." (ECF 14 at 11). In support of this claim, Petitioner claims in his Amended Petition:

> The police officers were told that there is a full hand print [sic] on the inside of our back glass-screen door, because the assailant didn't have time to open the latch, so he pushed it open forcefully. The police officers lost the only exonerating evidence available to me, even after being told. Prejudice: The police open and shut case ideology has caused me to be wrongfully accused, convicted, and incarcerated. This error contributed to the conviction and punishment. The barring of this claim from being considered because of a procedural exhaustion deficiency would result in a miscarriage of justice. It would result in an innocent man's illegal conviction and unlawful incarceration."

(*Id.* at 4, 11). Additionally, Petitioner states in his Memorandum of Law:

> For the arresting [officer] to know the facts of this Ground and not pursue crime scene finger printing should sufficiently substiatiate [sic] a 5th and 14th U.S. Const. Amend Violation, as well as Article I Section 9 Texas Constitution Violation. Being an existence of innocence until proven guilty in a court of law, that presumption alone should have manifested the said Constitutional provisions protection and execution of an adequate crime scene investigation.
>
> Factual Predicate: The facts in the 11.07 application's second ground should establish an innate, reasonable inference to be drawn that the Petitioner asserts actual innocence, and a manifest injustice would occur if the ground was barred and/or ruled on the merits. The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for 5th U.S. Const. amend. (no fingerprinting) 6th U.S. Const. Amend (unsound trial strategy of not presenting information) Judicial economic interests being pursued and inneffective [sic] assistance claim not presented because current 11.07 habeas case law allow Judges to instantly skip over all grounds (including actual innocence, to rule on inneffective [sic] claims, which trial date would have exceeded section 2254 evidentiary hearing date) and 14 U.S. Const. amend. can not [sic] opportune [sic] to me except speculative re-trial). The trial court[']s findings of fact and conclusions of law at page 2, #5  and the TCCA ruling (based on findings of trial court) was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (Reporter Record – police officer's admitting to not fingerprinting because they didn't "believe me").

(ECF 23 at 5–6). Respondent contends that Petitioner has failed to raise a claim for which relief may be granted because he is asserting that his rights under the Texas Constitution were violated. (ECF 15 at 15).

The Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. However, a claim under Texas constitutional law is not cognizable in a federal habeas corpus proceeding. *See England v. Collier*, No. 3:17-CV-592-G (BH), 2018 WL 6031321, at *3 (N.D. Tex. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 6020963 (N.D. Tex. Nov. 15, 2018). The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*,

502 U.S. 62, 67–68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; *see* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Whether or not the police investigators' failure to acquire fingerprint evidence from the crime scene constitutes a violation of Petitioner's due course of law rights under the Texas Constitution is beyond the scope of federal habeas review.

Therefore, the Court should deny Ground Three.[4]

### D. Denial of Due Process—Failure to Collect Fingerprint Evidence (Ground Four)

Petitioner's fourth ground for relief is that the "officer[s] violated [his] due process of law rights when failing to acquire finger-print [sic] evidence." (ECF 14 at 11). In support for this ground, Petitioner reiterates the same factual allegations listed above for Count Three. (*See id.*; ECF 23 at 6). Respondent asserts that this ground is unexhausted and procedurally barred from consideration on federal habeas review. (ECF 15 at 6). As such, Respondent contends that Ground Four should be denied. (*Id.*).

Section 2254 provides:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[4] In addition to asserting that there is insufficient evidence to support a finding of guilt beyond a reasonable doubt in Grounds Eight, Nine, and Ten, Petitioner also alleges in all three grounds that his "due course of law rights were violated when the jury returned a verdict of guilty." (ECF 14 at 6–7). To the extent that Petitioner has raised a claim that his due course of law rights under the Texas Constitution were violated in these three grounds, in addition to Ground Three, the Court finds that these claims should additionally be denied as not cognizable in a federal habeas corpus proceeding. *See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67–68; *England*, 2018 WL 6031321, at *3.

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c). The exhaustion doctrine set forth in Section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). In order to satisfy the federal exhaustion requirement, a petitioner must fairly present to the highest state court each constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir. 1992), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983). In the State of Texas, the Court of Criminal Appeals in Austin is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2016). Claims may be presented to that court through an application for a writ of habeas corpus or on direct appeal by a petition for discretionary review. *See* Tex. Code Crim. Proc. Ann. art. 11.01 *et seq.* (2016); Tex. R. App. P. 68.1 (2016).

When a petitioner has failed to exhaust state court remedies with regard to a claim and the state court to which he would be required to present the unexhausted claim would find the claim procedurally barred, the federal procedural default doctrine precludes federal habeas corpus review

of the claim. *Coleman*, 501 U.S. at 735; *see, e.g., Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (holding that an unexhausted claim which would be barred by the state abuse of the writ doctrine if raised in a successive state habeas petition was procedurally barred by federal procedural default doctrine).

Petitioner has not presented any claims alleging that he was denied due process when investigators failed to collect fingerprint evidence to any state court, much less to the TCCA in either his petition for discretionary review or his state writ of habeas corpus. (*See* ECF 17-2; ECF 17-4; ECF 17-18). Instead, Petitioner raises this claim for the first time in the instant federal habeas petition, and these claims were not "fairly presented" to the state court prior to being presented to this court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner has therefore failed to exhaust his state court remedies with regard to his due process claim. *See* 28 U.S.C. § 2254(b)(1), (c); *Skelton*, 950 F.2d at 1041. Any attempt by Petitioner to present this unexhausted claim regarding a denial of his due process rights in a subsequent state habeas application would be dismissed by the Texas Court of Criminal Appeals as abusive unless Petitioner were able to demonstrate the statutory equivalent of cause or actual innocence. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (2016).

Before this Court can consider the merits of Petitioner's unexhausted and procedurally defaulted claim, he must establish cause for his default and actual prejudice as a result of the alleged violation of federal law, or he must demonstrate that the Court's failure to consider his claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner does not address these topics in his Amended Petition. (*See* ECF 14 at 4, 11). Petitioner, however, states in his Memorandum of Law: "Attesting to wrongful accusation, conviction, and incarceration is actual innocence, which envelopes manifest injustice, which is equivocally due process violation." (ECF 23 at 6). He also states in his Reply that "Petitioner was obstructed from exhaustion on direct

appeal" and that "[g]rounds not requested are actual innocence grounds." (ECF 24 at 1). Besides these general and conclusory statements, Petitioner has failed to make any showing of actual innocence in regard to his denial of due process claim.

Petitioner has neither met his burden to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law nor has he shown his actual innocence through these statements. *See Coleman*, 501 U.S. at 750.

As such, the Court should deny Ground Four as procedurally barred.

### E.  Insufficient Probable Cause for Arrest (Grounds One and Two)

The first and second grounds in Petitioner's Amended Petition are almost identical in substance. Petitioner articulates his first ground as: "There was not sufficient probable cause to arrest." (ECF 14 at 10). Petitioner appears to contend that evidence obtained as the result of an illegal search and seizure in violation of his Fourth Amendment rights was used to obtain his conviction of the charged aggravated assault offense. (*See id*.). In support of this claim, Petitioner explains that:

> The police officers were told that an assailant was in our home, the living room to be exact, when he attacked my wife. I awoke in the bedroom, when I heard screaming, I ran outside after him, but my vision became incapacitated when I exited the lit kitchen into the dark back-yard [sic]. I went back inside, locked the door and the swing-chain, and turned to see my wife sitting on the floor up-right. I immediately noticed the front door was wide open and locked it as well. When the police came, my wife told me to not answer the door because she has an active blue-warrant out for her arrest. The police kicked the door in, put me in handcuffs and took me to jail. The truth is that our home was regularly littered with trash, so much that we have to air the house out every other day. (see pictures) The doors were fully locked, with the swing-chain, because I locked them, and it's just a habit the way I lock the door, it's second nature. The neighbor reported hearing a man and a woman's voice. We had only lived there 3 months at that time, and the neighbor has never spoken to me or ever heard my voice. The neighbor testimony was properly impeached, as to how clear she could hear through the wall, and what she was hearing. (see Mrs. Borrera's testimony) my wife gave a description of the suspect to no avail. The officer stated he arrested me because I "was the only one home" (see male officer's testimony) My wife filed four non-prosecution affidavits

to no avail. The police were told I have no record of family violence.

(ECF 14 at 4, 10). Petitioner asserts that "without sufficient probable cause to arrest, [he is] unlawfully being held in custody of the State of Texas, and [is] wrongfully incarcerated. This error contributed to the punishment and conviction." (*Id.* at 4). Petitioner further states in his Memorandum of Law:

> The State did not provide the defense attorney's cross-examination of the arresting officers in which the officer recanted his earlier testimony and blatantly stated "He was the only one home." The facts of all 911 phone call testimony, aside from any form of verification of who's [sic] voice was the one heard. And the fact Mrs. Barrerra testified that she heard the alleged perpetrator tell, or rather "scream" at his wife about getting her overtime when the victim hadn't worked for the last 4 or 5 years, not only shows the testimony is too unreliable to be substiating [sic] of the arrest, but is not sufficiently attenuated from the fact establishing the scene of the crime, which presence at a crime scene alone is not cause enough to arrest. The trial court's affirmative ruling of probable cause to arrest (findings of fact & conclusions of law pg. 2 #4) and the Texas Court of Criminal Appeals affirmation of the same (based on the trial court['s findings) is "unreasonable determination of the facts in light of the evidence provided in the state court proceedings (Reporter's Records of CR-14e-072). It also seems reasonable to say the state court's ruling was so lacking in justification that is an error well understood and comprehended in existing law beyond and possibility for fairminded disagreement.

(ECF 23 at 4).

When a state has provided an opportunity for a defendant to fully and fairly litigate his Fourth Amendment claim, federal habeas corpus relief may not be granted on the basis that evidence obtained in an unlawful search or seizure was used at trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Fifth Circuit has interpreted the phrase "an opportunity for full and fair litigation" to mean simply "an opportunity." *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F. 2d 1188, 1192 (5th Cir. 1978)). Specifically, "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*

In his Amended Petition, Petitioner appears to contend that he was not provided an opportunity for full and fair litigation of his Fourth Amendment claim in his appeal to the Seventh Court of Appeals or in his petition for discretionary review to the TCCA:

> "Causation for the procedural exhaustion of the probable cause to arrest claim is from my appeal attorney being told when he visited me in county jail to challenge (1) probable cause to arrest and (2) sufficiency of the evidence, and he said "that's what I'll do, I'll have two strong grounds," and it wasn't until my P.D.R. was refused on Aug. 27, 2017, I seen that my appeal attorney did <u>not</u> do as I said, inter alia. The opinions were issued on March 8 and August 7, 2017, but even if I would have seen them then, I still would have been precluded from exhausting the claim as you cannot raise new unexhausted grounds from your direct appeal in a P.D.R. The prejudice from the causation is an. [sic] preclusion of relief from challenging the sufficiency of the probable cause to arrest, which would lead to a wrongful imprisonment and unlawful conviction, detainment, arraignment, indictment, etc. of the defendant. It would be a manifest miscarriage of justice to allow the procedural exhaustion bar to preclude relief and consideration of this claim, as it would result in an . . . imprisonment of the defendant."

(ECF 14 at 10). He further asserts in his Memorandum of Law:

> The actual prejudice resulted in any determination that the Habeas Court didn't have jurisdiction to entertain the claim, the claim not being ruled on by the COA, my interests not being zealously pursued according to the U.S. 6th Const. Amend. having to endure 1 year and 3 months before the claim could unarguably and affirmatively ruled on the merits, and the fact that the attorney general has an arguable stand point [sic] on the claim not being presented to the COA, and possibly unable to be entertained by the habeas court. Also, prejudice comes in the forms of Petitioner's interests alone, in light of any COA past proceeding knowledge, are not presentable and have no jurisdiction for entertainment now, because of a prohibition in dual or hybrid representation (even though the appeal attorney has a duty to represent the clients <u>actual</u> interests, the interests alone are not entertainable when represented by Counsel. Petitioner's ground sufficiently establishes an innate, reasonable inference to be drawn that He is actually innocent of the crime, and a manifest injustice would occur if the same was barred and/or not ruled on the merits. I would like the Court [to] review the revelation of his Trial Attorney's unsound strategy of having the defendant <u>not</u> take the stand (defense Attorney opening voir dire statements). The facts underlying the claim are sufficient to establish by clear and convincing evidence that but for 6th U.S. Const. amend (trial by reasonable jury) 5th U.S. Const. Amend (due process violation by unsound trial strategy) and 4 U.S. Const. Amend (all four were of no apportyne [sic] to me), no reasonable factfinder would have found me guilty of the underlying offense. The violation in this claim is the derivative of and cause for, <u>all</u> of the ensuing violations

(allegation, conviction, and imprisonment).

(ECF 23 at 4–5).

Yet Petitioner raised this claim in his application for state writ of habeas corpus. (ECF 17-18 at 7). The trial court concluded in its Findings of Fact and Conclusions of Law that "[t]here was sufficient probable cause to arrest applicant at the scene." (ECF 17-18 at 30). The TCCA denied Petitioner's insufficient probable cause claim on the merits. (*See* ECF 17-17); *Ex parte Torres*, 943 S.W.2d at 472 (holding a "denial" signifies an adjudication on the merits). Therefore, Petitioner has not shown that he, individually, was not provided a process by which he could have raised his Fourth Amendment claim during the underlying criminal proceeding. Nor has Petitioner alleged, let alone proven, that the State systematically denies all defendants the opportunity to litigate Fourth Amendment claims. Petitioner's grounds for relief for alleged Fourth Amendment violations are not cognizable in this federal habeas proceeding and should be dismissed.

The Court should deny Ground One and Ground Two.

### F.  Malicious Prosecution (Ground Six)

Finally, Petitioner alleges in Ground Six that he "was maliciously prosecuted of an aggravated first[-]degree felony." (*See* ECF 14 at 5). Petitioner's sixth ground reiterates many of the same facts and allegations that Petitioner discusses as part of Ground Five and Ground Seven—Petitioner's claims related to insufficient evidence to prove the victim suffered serious bodily injury. (*Id.*). Additionally, Petitioner claims:

> Prejudice: without serious bodily injury being made, and no description or knowledge of the weapon used, along with no available enhancements, the charge is a Class A misdemeanor offense, publishable up to a year's confinement, it's been 3 years. This error contributed to the conviction and punishment. The fact the representative of the State (doctor or district attorney) knew the defendant didn't and couldn't have inflicted serious bodily injury but still pled and testified under oath the same, sufficiently establishes a malicious prosecution of an aggravated first[-]degree felony.

(*Id.*). Petitioner additionally claims in his Memorandum of Law that "the state falsified trial transcripts, and the word 'subdural hematoma' wasn't seen until after the direct appeal process[] and could not have provoked Petitioner to exhaust this ground on direct appeal." (ECF 23 at 6).

Respondent contends that, although Petitioner argues that he was maliciously prosecuted in Ground Six of his Amended Petition, "the substance of his claim is best explained" as a claim that the State knowingly suborned perjured testimony. (ECF 15 at 2 n.5). However, Petitioner disagrees with this conclusion and states in his Reply that "[t]he fact doctors seen a subdural hematoma, not a subdural hemorrhage, is gravamen to the fatal variance and malicious prosecution, not the latter [sic] falsified testimony." (ECF 24 at 1).

First, "Petitioner's malicious-prosecution claim is a tort claim and cannot be addressed in this habeas action. If [P]etitioner wishes to raise such a claim, he must pursue it in a separate lawsuit." *Smith v. Stephens*, No. 4:13-CV-257-Y, 2014 WL 4851636, at *8 (N.D. Tex. Sept. 30, 2014). Furthermore, to sustain a malicious prosecution claim under Texas law, Petitioner must show that the criminal action terminated in his favor. *See Butler v. Quarterman*, No. 4:06-CV-402-A, 2007 WL 2239396, at *5 (N.D. Tex. Aug. 3, 2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)); *Robertson v. Cockrell*, No. 301CV1314-D, 2003 WL 21448368, at *5 (N.D. Tex. Apr. 18, 2003). The prosecution against Petitioner terminated with his conviction. (*See* ECF 17-9 at 7–8). Therefore, Petitioner cannot show that his criminal case was terminated in his favor, and his claim cannot succeed under state law.

Second, whether construed as a claim of malicious prosecution or a claim that the State knowingly suborned perjured testimony, the same issue exists: Petitioner did not raise either of those claims to the highest available state court for review—the TCCA—in either his petition for discretionary review of his application for writ of habeas corpus. (*See* ECF 17-4; ECF 17-18);

25

*Skelton*, 950 F.2d at 1041; *Richardson*, 762 F.2d at 431; *Carter*, 677 F.2d at 443.

Petitioner asserts that he did not raise this claim to the state court, but that his claim should nevertheless be considered for the following reasons:

> Causation for the procedural exhaustion deficiency is because my viewing of the direct opinion referring to the injury as a "subdural hematoma" and not a "subdural hemorrhage." It took me a couple of months to remember and recall that one night, around a week before the date, I found my wife unconscious on the floor in a small pool of blood late one night when I awoke to use the restroom. She apparently attempted to take a shower heavily intoxicated, and did, just slipped on her way out. I feel that with the extenuating effects time has on memory and the fact that no one ever revealed the truth of the situation, I could not have been put on notice to the truth of the circumstances BEFORE the direct appeal process. Prejudice from not considering this claim would be a wrongful imprisonment and conviction of anything above one year[']s confinement, and a Class A misdemeanor offense. A miscarriage of justice would also manifest from the preclusion of this claim because it would allow an egregiously illegal enhancement of the charge and sentence.

(ECF 14 at 4–6). However, Petitioner has neither met his burden to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law nor has he shown his actual innocence through these statements. *See Coleman*, 501 U.S. at 750. For these reasons, the Court should deny Ground Six.

## V.    **RECOMMENDATION**

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Drake Jordan Finch be DENIED.

## VI.    **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 23, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).